United States District Court
Southern District of Texas
**ENTERED**
July 21, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL COLE, (Inmate #65106) | § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. H-25-1416 |
| BRAZOS COUNTY JAIL, *et al.*, | § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Michael Cole is an inmate in custody at the Brazos County Detention Center. He has sued the Detention Center, Brazos County Sheriff Wayne Dicky, and Brazos County Detention Officer Kenneth Wilson under 28 U.S.C. § 1983, asserting claims of sexual harassment and sexual assault. (Docket Entry No. 5). Because Cole is proceeding without prepaying the filing fee, the court must examine his complaint as soon as feasible and dismiss those claims that are frivolous or malicious, that fail to state a claim upon which relief can be granted, or that seek monetary relief from defendants who are immune. 28 U.S.C. § 1915(e)(2). Having reviewed Cole's complaint, the record, and the applicable law, the court dismisses this action, with prejudice because amendment would be futile. The reasons are explained below.

**I.    Background.**

When he filed his amended complaint, Cole was a pretrial detainee awaiting sentencing on several state-court criminal charges.[1] *See* Search Our Records, https://portal-

---

[1] It appears that Cole has been sentenced on these charges since filing his amended complaint. *See* Search Our Records, https://portal-txbrazos.tylertech.cloud/BrazosPortal/ (visited July 15, 2025)

txbrazos.tylertech.cloud/BrazosPortal/ (visited July 15, 2025). His current civil rights action arises out of events occurring several years before his current incarceration.

In his amended complaint, Cole alleges that he was previously in the Brazos County Detention Center in August 2021. (Docket Entry No. 5, p. 4). He alleges that on August 5, 2021, he was subjected to unwanted and inappropriate sexual comments and innuendos from Detention Officer Wilson. (*Id.*). He alleges that on August 6, 2021, Wilson sexually assaulted him and then said that Cole had been trying to escape. (*Id.*). Cole alleges that he suffered a back injury in the assault, as well as mental and emotional injuries, for which he is still taking medication. (*Id.*). He alleges that he continues to require medication for both the back injury and mental health injuries. (*Id.*). As relief, Cole seeks money damages and an order that Wilson be removed from his position at the Jail. (*Id.*).

## II. The Legal Standards.

### A. Actions Under 42 U.S.C. § 1983.

Cole sues the defendants under 42 U.S.C. § 1983. "Section 1983 does not create any substantive rights, but instead was designed to provide a remedy for violations of statutory and constitutional rights." *Lafleur v. Texas Dep't of Health*, 126 F.3d 758, 759 (5th Cir. 1997) (per curiam); *see also Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). To state a valid claim under § 1983, the plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States, and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *See West v. Atkins,* 487 U.S. 42, 48 (1988); *Gomez v Galman*, 18 F.4th 769, 775 (5th Cir. 2021) (per curiam). The first element recognizes that "state tort claims are not actionable under federal law; a plaintiff under [§] 1983 must show deprivation of a federal right." *Nesmith v. Taylor,* 715 F.2d 194, 195 (5th Cir. 1983) (per curiam). The second element, which

requires action "under color of state law," means that generally only *state* actors—not private parties—can be liable for violations of civil rights. *See Frazier v. Bd. of Tr. of Nw. Miss. Reg'l Med. Ctr.*, 765 F.2d 1278, 1283 (5th Cir. 1985).

### B. The Prison Litigation Reform Act.

Because Cole was incarcerated when he filed his complaint, his action is governed by the Prison Litigation Reform Act. The PLRA requires the court to examine the legal and factual basis of a prisoner's civil-rights complaint and dismiss the case if it determines that the claims are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b); *see also* 42 U.S.C. § 1997e(c).

A complaint is frivolous "if it lacks an arguable basis in law or fact." *Geiger v. Jowers,* 404 F.3d 371, 373 (5th Cir. 2005) (per curiam) (citing *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997) (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). "A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (cleaned up). A complaint fails to state a claim upon which relief can be granted if it does not contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

In reviewing a prisoner's complaint, the court must construe all allegations "liberally in favor of the plaintiff," "take[] all facts pleaded in the complaint as true," and consider whether

3

"with every doubt resolved on [the plaintiff's] behalf, the complaint states any valid claim for relief." *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (cleaned up). If it does not, the complaint must be dismissed, even before service on the defendants. *See In re Jacobs*, 213 F.3d 289, 290 (5th Cir. 2000) (per curiam); *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

### C.  Pleadings filed by Self-Represented Litigants.

Cole is representing himself. Courts construe pleadings filed by self-represented litigants under a less stringent standard of review. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Under this standard, "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But even under this liberal standard, self-represented litigants must still "abide by the rules that govern the federal courts." *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014). They must "plead sufficient facts that, when liberally construed, state a plausible claim to relief, serve defendants, obey discovery orders, present summary judgment evidence, file a notice of appeal, and brief arguments on appeal." *Id.* (cleaned up).

## III.  Discussion.

Because § 1983 does not include a statute of limitations, federal courts borrow the forum state's general personal injury limitations period when considering the timeliness of a civil rights action. *See Bargher v. White*, 928 F.3d 439, 444 (5th Cir. 2019), *as revised* (July 2, 2019) (citing *Wallace v. Kato*, 549 U.S. 384, 387 (2007)). Texas has a two-year statute of limitations for personal injury claims, so "a civil rights plaintiff in Texas has two years from the date his civil-rights claim accrues to file suit." *Balle v. Nueces County, Tex.*, 952 F.3d 552, 556 (5th Cir. 2017)

(citing *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001)); *see also* TEX. CIV. PRAC. & REM. CODE § 16.003(a). A claim accrues when "the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Edmonds v. Oktibbeha County, Miss.*, 675 F.3d 911, 916 (5th Cir. 2012) (quoting *Helton v. Clements*, 832 F.2d 332, 335 (5th Cir. 1987)). A civil rights action brought by a Texas plaintiff more than two years after his claim has accrued is barred by limitations and is subject to dismissal unless the plaintiff can show grounds for equitable tolling of the limitations period. *See Gonzales v. Wyatt*, 157 F.3d 1016, 1019-20 (5th Cir. 1998); *Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir. 1998) (Texas's equitable tolling principles apply to § 1983 cases filed by plaintiffs injured in Texas).

Cole's amended complaint alleges that Wilson assaulted and injured him on August 6, 2021. (Docket Entry No. 5, p. 4). Based on these allegations, the statute of limitations began to run on any claims arising out of that assault no later than August 6, 2021. Cole did not file his current civil rights action until March 18, 2025, well beyond the two-year deadline. Cole's action is barred by limitations unless he can show that an equitable exception to the limitations period applies.

The court provided Cole with the opportunity to explain why his action should not be dismissed as untimely, specifically asking him to identify any equitable circumstances that might extend, or "toll," the limitations period. (Docket Entry No. 6). The doctrine of equitable tolling preserves a plaintiff's claims when the strict application of the statute of limitations would be inequitable. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (per curiam). Equitable tolling "applies only in rare and exceptional circumstances." *Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002). Equitable tolling requires the plaintiff to show that he "has been pursuing his rights diligently and that some extraordinary circumstance stood in his way" to prevent timely

5

filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also Myers v. Nash*, 464 F. App'x 348, 349 (5th Cir. 2012) (per curiam) ("Texas courts sparingly apply equitable tolling and look . . . to whether a plaintiff diligently pursued his rights; litigants may not use the doctrine to avoid the consequences of their own negligence." (quoting *Hand v. Stevens Transport, Inc. Emp. Benefit Plan,* 83 S.W.3d 286, 293 (Tex. App.–Dallas 2002, no pet.))). The burden is on the plaintiff to allege facts sufficient to show that equitable tolling applies. *See Mark v. Spears*, No. 22-40104, 2023 WL 5316554, at *3 (5th Cir. Aug. 17, 2023) (per curiam). Vague and conclusory allegations are insufficient. *See McCrimmon v. Wells Fargo Bank, N.A.*, 516 F. App'x 372, 375 (5th Cir. 2013). Because the federal courts have borrowed Texas's statute of limitations for purposes of § 1983, Texas's equitable tolling principles apply in addition to those provided by federal law. *See Rotella*, 144 F.3d at 897 (citing *Bd. of Regents v. Tomanio,* 446 U.S. 478, 485 (1980)).

In his response to the court's order, Cole asserts that the limitations period should be tolled because he is incarcerated in the Texas Department of Criminal Justice "without proper documentation from BCSO, Brazos County Detention Center, with an ongoing investigation with the Brazos County Detention Center, and newly discovered evidence." (Docket Entry No. 7). This response does not identify a rare or exceptional circumstance that would warrant tolling the limitations period. Texas law does not consider imprisonment to be sufficient to toll the running of the statute of limitations. *See Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993) (per curiam); *Rodriguez v. Holmes*, 963 F.2d 799, 803 (5th Cir. 1992) (Texas eliminated imprisonment as a reason for tolling the limitations period in 1987). Although the limitations period may be tolled while a prisoner is exhausting his state remedies before proceeding in federal court, Cole does not allege facts showing that he has been exhausting his state remedies. *See Gartrell,* 981 F.2d at 257 (citing *Rodriguez*, 963 F.2d at 805). Cole's allegation of an ongoing investigation does not show

6

whether, much less how, that the investigation is related to the exhaustion of any state remedies he may have.

Cole's vague reference to unspecified newly discovered evidence is also insufficient to show an extraordinary circumstance that prevented timely filing. And neither a lack of access to legal materials nor an unfamiliarity with the law or the legal process are sufficient to warrant equitable tolling of the limitations period. *See Madis v. Edwards*, 347 F. App'x 106, 108 (5th Cir. 2009) (per curiam); *Fierro v. Cockrell*, 294 F.3d 674, 683 (5th Cir. 2002).

Cole has not shown that he has diligently pursued his rights and that his untimely filing was due to some extraordinary circumstance outside of his control. Because Cole has not shown that he is entitled to equitable tolling and because his complaint is otherwise untimely, his action is barred by limitations and is dismissed, with prejudice. *See Gartrell*, 981 F.2d at 256 (a complaint barred by the statute of limitations is properly dismissed).

## IV. Conclusion.

Cole's amended complaint, (Docket Entry No. 5), is dismissed with prejudice as barred by limitations. Any pending motions are denied as moot. Final judgment is separately entered. This dismissal will count as a "strike" for purposes of 28 U.S.C. § 1915(g). The Clerk of Court will send a copy of this Memorandum Opinion and Order to the Three-Strikes List Manager at the following email: Three_Strikes@txs.uscourts.gov.

SIGNED on July 21, 2025, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge